UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>Plaintiff,<br><br>v.<br><br>144 KING STREET ASSOCIATES, LLC,<br><br>Defendant. | Case No. 19-cv-07627-JSC<br><br>**ORDER RE: PLAINTIFF'S SECOND MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11** |

Plaintiff's administrative motion in this ADA case seeks an order vacating the joint site inspection scheduled for June 2, 2020 because "Defendant's hotel may be shutting down permanently," presumably because of the COVID-19 pandemic. (*See* No. 19 at 1 ("Plaintiff is sympathetic to all businesses who have suffered in California. At this time, however, Defendant's counsel cannot tell Plaintiff's counsel one way or the other if the hotel will reopen or not.").) Defendant opposes Plaintiff's request because the restrictions associated with COVID-19 are "beginning to subside" and Defendant hopes that its hotel will be operational "as business in the area begins to resume." (Dkt. No. 20 at 1.)

On June 4, 2020, Chief Judge Phyllis Hamilton approved the following procedures applicable to ADA Access cases subject to General Order 56:

> In any case subject to General Order 56 involving a physical site, the deadlines for conducting a joint site inspection and settlement meeting are deemed tolled from March 25, 2020 until June 4, 2020. For a physical site that is closed on or after June 4, 2020, these deadlines are deemed tolled until the site is again open to the public.
>
> The ADR Program will refer a case for mediation if the required Form GO 56-Notice of Need for Mediation and Certification of Counsel (amended June 4, 2020) certifies
>
> (a) that all required participants attended the joint site inspection and the settlement meeting required by General Order 56 either

      (i) by videoconference, or

      (ii) in person, so long as all participants agreed and gathering in person was permitted by applicable state and local laws; and

(b) that the parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and have complied with General Order 56, paragraph 4.

Neither the joint site inspection nor the settlement meeting may be conducted by telephone or email. The parties may by agreement elect to replace the joint site inspection with another process that enables them to obtain and exchange the information needed to prepare effectively to evaluate the case for resolution at the settlement meeting. If the parties elect to replace the joint site inspection with another process, they must attach to the Notice of Need for Mediation and Certification of Counsel a joint letter describing the terms of the parties' agreement and confirming that all requirements of the agreement have been satisfied.

Any request for relief from these procedures must comply with General Order 56, paragraph 3, and, for the convenience of the assigned judge, must attach to the stipulation or administrative motion a copy of this Second Amended Notice.

https://cand.uscourts.gov/wp-content/uploads/court-programs/adr/Second-Amended-Notice-re-Procedures-in-Cases-Referred-to-ENE-or-Mediation-and-re-Procedures-in-Cases-Subject-to-General-Order-56-060320.pdf.

Thus, the amended procedures contemplate that absent the parties' agreement, joint site inspections will not occur so long as the defendant business is closed, as is the case here. This procedure makes sense because the need for injunctive relief is generally not urgent while a business is closed and, indeed, may become moot if the business does not reopen. If the ADA claim for injunctive relief becomes moot, then the case should proceed in state court on the state law damages claim. As Plaintiff's administrative motion does not identify any special circumstances that would warrant relief from GO 56 as temporarily amended on June 4, 2020, the motion is DENIED.

This Order disposes of Docket No. 19.

**IT IS SO ORDERED.**

Dated: June 5, 2020

                                                JACQUELINE SCOTT CORLEY
                                                United States Magistrate Judge